Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
ARNOLDO GALVEZ LOPEZ, individually and on behalf of all others similarly situated,

                            Plaintiff,

   -against-

ENTREE CORP. and TOMASZ SLESZYNSKI, as an individual,

                           Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **ARNOLDO GALVEZ LOPEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **ARNOLDO GALVEZ LOPEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, brings this action against **ENTREE CORP. and TOMASZ SLESZYNSKI, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **ENTREE CORP.**, located at 206 Meserole Avenue, Brooklyn, NY 11222.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ARNOLDO GALVEZ LOPEZ residing in Kew Gardens, NY 11415 was employed by Defendants at ENTREE CORP., from in or around June 2020 until in or around August 2023.
9. Upon information and belief, Defendant ENTREE CORP., is a New York domestic business corporation organized under the laws of New York with a principal executive office at 206 Meserole Avenue, Brooklyn, NY 11222.
10. Upon information and belief, Defendant ENTREE CORP., is a New York domestic business corporation authorized to do business under the laws of New York.
11. Defendant ENTRÉE CORP.'s DOS process address is located at 481 Mount Airy Road East, Croton on Hudson, NY 10520.
12. Upon information and belief, Defendant TOMASZ SLESZYNSKI owns and operates ENTREE CORP.
13. Upon information and belief, Defendant TOMASZ SLESZYNSKI is an agent of ENTREE CORP.
14. Upon information and belief, Defendant TOMASZ SLESZYNSKI is responsible for overseeing the daily operations of ENTREE CORP.

15. Upon information and belief, Defendant TOMASZ SLESZYNSKI has power and authority over all the final personnel decisions at ENTREE CORP.

16. Upon information and belief, Defendant TOMASZ SLESZYNSKI has power and authority over all final payroll decisions of ENTREE CORP., including the Plaintiff.

17. Upon information and belief, Defendant TOMASZ SLESZYNSKI has the exclusive power to hire and fire employees at ENTREE CORP., establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

18. During all relevant times herein, Defendants TOMASZ SLESZYNSKI was Plaintiff's employer within the meaning of the FLSA and NYLL.

19. On information and belief, ENTREE CORP., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

20. Plaintiff ARNOLDO GALVEZ LOPEZ was employed by Defendants at ENTREE CORP., from in or around June 2020 until in or around August 2023.

21. During Plaintiff ARNOLDO GALVEZ LOPEZ's employment by the Defendants at ENTREE CORP., Plaintiff's primary duties were as a construction worker, laborer and helper, while performing other miscellaneous duties, from in or around June 2020 until in or around August 2023.

22. Plaintiff ARNOLDO GALVEZ LOPEZ regularly worked six (6) days per week during his employment with the Defendants.

23. Plaintiff ARNOLDO GALVEZ LOPEZ regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m., or later, five (5) days per week and from 10:00 a.m. each workday and regularly ending at approximately 4:30 p.m., or later, one (1) day per week from in or around June 2020 until in or around August 2023.

24. Thus, Plaintiff ARNOLDO GALVEZ LOPEZ was regularly required to work approximately fifty-six and a half (56.5) hours or more hours each week from in or around June 2020 until in or around August 2023.
25. Plaintiff ARNOLDO GALVEZ LOPEZ was paid by Defendants an hourly rate of approximately $15.00 per hour for his first 40 hours in a work week, from in or around June 2020 until in or around December 2022; and approximately $17.00 per hour for his first 40 hours in a work week, from in or around January 2023 until in or around August 2023.
26. Plaintiff was not compensated at all for his hours worked in excess of 40 hours.
27. Plaintiff was paid exclusively in cash, except for the last month of his employment where Plaintiff was paid in check.
28. Although Plaintiff ARNOLDO GALVEZ LOPEZ worked approximately fifty-six and a half (56.5) hours or more hours per week from in or around June 2020 until in or around August 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
29. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
30. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
31. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
32. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
33. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
34. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

35. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

36. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL

37. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

39. Collective Class: All persons who are or have been employed by the Defendants as construction workers, laborers, helpers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

40. Upon information and belief, Defendants employed approximately 15 to 20 employees within the relevant time period who were subjected to similar payment structures.

41. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

42. Defendants' unlawful conduct has been widespread, repeated, and consistent.

43. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

44. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

45. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

46. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

47. The claims of Plaintiff are typical of the claims of the putative class.

48. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

52. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
55. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
56. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
59. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
62. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).
63. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
65. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
66. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiff prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 7, 2023
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ARNOLDO GALVEZ LOPEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

ENTREE CORP. and TOMASZ SLESZYNSKI, as an individual,

Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**To:**

*Service via Secretary of State:*
**ENTREE CORP. (DOS ID# 4796697)**
481 Mount Airy Road East, Croton on Hudson, NY 10520

*Via Personal Service:*
**ENTREE CORP.**
206 Meserole Avenue, Brooklyn, NY 11222

**TOMASZ SLESZYNSKI**
206 Meserole Avenue, Brooklyn, NY 11222

10